UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE TIMOTHY C. STANCEU, SENIOR JUDGE

| | |
|---|---|
| MCC HOLDINGS DBA CRANE RESISTOFLEX,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES,<br><br>*Defendant*,<br><br>and<br><br>ASC ENGINEERED SOLUTIONS, LLC,<br><br>*Defendant-Intervenor*. | Court No. 18-00248 |

## **JUDGMENT ORDER**

Upon consideration of the defendant-intervenor's comments regarding the remand redetermination, defendant's response thereto, and all other pertinent papers, it is hereby

ORDERED that the remand redetermination is sustained; and it is further

ORDERED that final judgment is entered in favor of the United States.

_____
SENIOR JUDGE

Dated: _____, 2022
    New York, NY

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE TIMOTHY C. STANCEU, SENIOR JUDGE

|  |  |
|---|---|
| MCC HOLDINGS DBA CRANE RESISTOFLEX, ) <br> ) <br> *Plaintiff*, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES, ) <br> ) <br> *Defendant*, ) <br> ) <br> and ) <br> ) <br> ASC ENGINEERED SOLUTIONS, LLC, ) <br> ) <br> *Defendant-Intervenor*. ) | Court No. 18-00248 |

## DEFENDANT'S RESPONSE TO COMMENTS ON REMAND RESULTS

Defendant, the United States, respectfully submits this response to the comments filed by defendant-intervenor ASC Engineered Solutions, LLC (ASC) (ECF No. 60), regarding the Department of Commerce's (Commerce's) second remand redetermination in this matter, *Final Results of Redetermination Pursuant to Court Remand Order*, dated December 21, 2021 (Second Remand Results) (ECF No. 58). Commerce's second remand results were issued following this Court's opinion and remand order in *MCC Holdings dba Crane Resistoflex v. United States*, 537 F. Supp. 3d 1350 (Ct. Int'l Trade 2021) (*Crane I*). As we explain below, the Court should sustain the second remand results and enter final judgment for the Government because Commerce has fully complied with the Court's remand order and because the second remand results are supported by substantial evidence and otherwise lawful.

**BACKGROUND**

I.      **Commerce's Original Scope Determination**

In November 2018, Commerce published a final scope ruling in response to a request for a scope ruling from MCC Holdings dba Crane Resistoflex (Crane) regarding whether a number of its ductile iron lap joint flanges are pipe fittings covered by the antidumping duty order on non-malleable cast iron pipe fittings from China.  *See Final Scope Ruling on the Antidumping Duty Order on Non-Malleable Cast Iron Pipe Fittings from the People's Republic of China: MCC Holdings dba Crane Resistoflex* (Nov. 19, 2018) (P.R. 16) (Final Scope Ruling).

In its final scope ruling, Commerce found that Crane's flanges matched the physical characteristics described by the first sentence of the second paragraph of the order's scope: "Fittings that are made out of ductile iron that have the same physical characteristics as the gray or cast iron fittings subject to the scope above or which have the same physical characteristics and are produced to ASME B.16.3, ASME B.16.4, or ASTM A-395 specifications, threaded to ASME B1.20.1 specifications and UL certified[.]"  *Crane I*, 537 F. Supp. 3d at 1356 (citation omitted).  For each of the five flanges at issue in the litigation, Commerce found that the products' inside diameters are between ¼ inch and 6 inches, and are additionally unthreaded— matching the physical characteristics listed in the first sentence of the first scope paragraph.  *Id.* at 1357.  Commerce thus determined that Crane's ductile iron flanges were covered by the scope of the order because they are covered pipe fittings that do not fall under any of the exclusions to the scope.  *See generally* Final Scope Ruling (P.R. 16).

II.     **The Court's First Remand Order**

Crane challenged Commerce's final scope ruling, in response to which the Government in December 2019 filed an unopposed motion seeking a voluntary remand in light of this Court's

decision in *Star Pipe Prods. v. United States*, 365 F. Supp. 3d 1277 (2019). (*Star Pipe I*). Def.'s Unopposed Mot. to Stay Briefing Schedule and to Grant Voluntary Remand (Dec. 27, 2019) (ECF No. 32). The Court granted the Government's motion, in relevant part, and issued an order to remand the scope determination to Commerce for reconsideration in its entirety. Remand Order (Jan. 7, 2020) (ECF No. 33) (directing Commerce to "reconsider on remand all aspects of its scope ruling, including all findings of fact and conclusions of law").

In its first remand results, Commerce continued to find that Crane's flanges were covered by the scope of the order because Crane's flanges meet the physical description included in the first paragraph of the order's scope and that they constitute "pipe fittings" within the meaning of the scope. *Crane I*, 537 F. Supp. 3d at 1357; *see also* Final Results of Redetermination Pursuant to Court Order at 4-14 (Apr. 3, 2020) (ECF No. 39) (First Remand Results). In making this finding, Commerce relied on the scope language, past scope rulings, the petition, and the International Trade Commission (ITC) report from the underlying investigation of non-malleable cast iron pipe fittings from China. *See* First Remand Results at 4-14.

### III.  The Court's Second Remand Order

In *Crane I*, the Court found that Commerce's first remand redetermination was not supported by substantial record evidence. *See Crane I*, 537 F. Supp. 3d 1350. Specifically, the Court held that certain of Commerce's findings relating to scope language, past scope rulings, the petition, and the ITC report were not adequately supported, and that Commerce had failed to adequately address certain evidence on the record that detracted from its determination that Crane's ductile iron flanges were covered by the order. *See Crane I*, 537 F. Supp. 3d at 1357-62. The Court in doing so stated that, although evidence in the petition "lends support to a finding" that flanges could be considered pipe fittings in general, the scope language of the order and the

3

petition do not reference flanges, and the ITC report contains "evidence showing that ductile iron flanges share a defining physical characteristic with ductile iron flanged fittings," a product that the Count concluded the ITC had excluded from the scope of its material injury and threat investigation. *Id.* at 1357-1360. Accordingly, the Court ordered Commerce to reconsider its determination in light of the deficiencies the Court had identified and to issue a second decision, consistent with the Court's remand order. *See id.* at 1362.

### IV.     The Second Remand Results

In its second remand results, Commerce, under respectful protest, found that Crane's flanges are outside the scope of the order. Second Remand Results at 6. Although Commerce continued to find Crane's flanges are pipe fittings that have the same physical characteristics as pipe fittings subject to the scope of the order, it accepted, under respectful protest, the Court's findings regarding a lack of adequate support in the scope language, petition, ITC report, and prior scope determinations for Commerce's determination that Crane's flanges are within the scope, combined with the evidence from the ITC report detracting from such a determination. *See id.* In light of the Court's ruling regarding this lack of support, Commerce found Crane's flanges are outside the scope of the order.

### STANDARD OF REVIEW

The Court sustains any determination, finding, or conclusion found by Commerce unless it is unsupported by substantial evidence upon the record, or otherwise not in accordance with law. 19 U.S.C. § 1516a(b)(1)(B). This standard applies equally to remand redeterminations. *DynaEnergetics U.S., Inc. v. United States*, 298 F. Supp. 3d 1363, 1367 (Ct. Int'l Trade 2018). Remand redeterminations are also reviewed for compliance with the Court's order. *Xinjiamei Furniture (Zhangzhou) Co. v. United States*, 968 F. Supp. 2d 1255, 1259 (Ct. Int'l Trade 2014).

# ARGUMENT

I.  **The Court Should Sustain Commerce's Second Remand Results Because They Comply With The Court's Remand Order, Are Supported By Substantial Evidence, And Are Otherwise Lawful**

In the second remand results, Commerce found that Crane's flanges fall outside of the order's scope. *See* Second Remand Results at 6. Complying with *Crane I*, Commerce reviewed the evidence on the record, in conjunction with the Court's decision, and found that the Court's holdings, along with descriptions of the merchandise contained in the scope, the petition, and the ITC's determination in its investigation, as well as other information found on the record of the scope proceeding, are dispositive as to whether Crane's ductile iron flanges are pipe fittings subject to the order. *See id.* at 6-7.

Commerce initially agreed with ASC that the plain language of the scope covers Crane's flanges, explaining this point was thoroughly argued in the original scope ruling and first remand results, along with various other justifications supporting a finding that the products were in scope. *See id.* at 9. However, as Commerce further explained, in *Crane I*, the Court found that the scope language was insufficient to determine coverage, given record information such as the ITC report that it found to be pertinent. *See id.* Specifically, the Court held that the ITC report supported the inference that ductile iron flanges are not within the scope of the ITC's material injury and threat investigation. *See id.* at 9-10 (discussing *Crane I*, 537 F. Supp. 3d at 1358-59).

Although ASC argues that Commerce should have reasserted its interpretation that the scope language includes Crane's flanges, *see* ASC Cmts. Br. at 2-4, the Court held that the evidence on which Commerce relied for its conclusion was inadequate and that contrary evidence suggested otherwise. *See Crane I*, 537 F. Supp. 3d at 1359. As Commerce explained, it is not in a position to ignore this Court's findings in *Crane I*, nor can it simply dismiss what

5

the Court has held. *See* Second Remand Results at 10. And based on the Court's decisions, Commerce's assessment was that it no longer had a basis to find Crane's flanges covered by the order.

ASC additionally argues that the Court misunderstood certain aspects of the ITC report, implying that Commerce should simply disagree with the Court's reading of the ITC report. *See* ASC Cmts. Br. at 4-6. As we stated above, however, Commerce is not free simply to ignore the Court's decision, even if it disagrees. *See* Second Remand Results at 10.

Furthermore, the same arguments ASC presents in its remand brief regarding the AWWA exclusions contained in the scope were part of Commerce's reasoning in the first remand results, and the Court held that Commerce's reliance on these exclusions and the distinction to be made between ductile iron flanged *fittings* and ductile iron flanges was not appropriate. *Crane I*, 537 F. Supp. 3d at 1359-60. Given that the Court has already remanded a finding by Commerce that Crane's flanges are within scope based on the arguments ASC raises in its remand brief, to reiterate the same arguments would serve no purpose but to ignore or otherwise dismiss the Court's *Crane I* opinion.

Ultimately, Commerce determined that the Court's holdings regarding the ITC report, in conjunction with its interpretation of the remaining record evidence, left Commerce with no basis to continue to find Crane's products to be within the order's scope. Because Commerce's second remand results comply with the Court's order in *Crane I*, the Court should sustain the remand results.

## **CONCLUSION**

      For these reasons, we respectfully request that the Court sustain Commerce's second remand results and enter final judgment in favor of the United States.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | BRYAN M. BOYNTON<br>Acting Assistant Attorney General |
|  | PATRICIA M. MCCARTHY<br>Director |
|  | /s/ L. Misha Preheim<br>L. MISHA PREHEIM<br>Assistant Director |
| OF COUNSEL:<br>W. MITCHELL PURDY<br>Attorney<br>Department of Commerce<br>Office of the Chief Counsel<br>for Trade Enforcement & Compliance<br>Washington, DC | /s/ Joshua E. Kurland<br>JOSHUA E. KURLAND<br>Trial Counsel<br>U.S. Department of Justice<br>Civil Division<br>Commercial Litigation Branch<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, D.C.  20044<br>Tel: (202) 616-0477<br>Fax: (202) 307-0972<br>Email: Joshua.e.kurland@usdoj.gov |
| February 4, 2021 | Attorneys for Defendant |

## CERTIFICATE OF COMPLIANCE

Pursuant to Standard Chambers Procedure ¶ 2(B)(2), I hereby certify that this brief complies with the appropriate word-count limitation. According to the word-count function of the software used to prepare this brief, the brief contains 1,676 words.

/s/ Joshua E. Kurland